```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION
```

| | |
|---|---|
| **LARRY J. BLACK,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CV 04-B-3387-M |
| ) | |
| **MICHAEL J ASTRUE,** ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Plaintiff Larry J. Black brings this action pursuant to 42 U.S.C. § 405(g), seeking review of the decision of the Commissioner of Social Security denying his application for a period of disability, disability insurance benefits, and supplemental security income. Plaintiff contends that the Administrative Law Judge ["ALJ"] "erred in failing to accord greater weight to the opinions of his treating physicians as to his residual functional capacity" ["RFC"]. (Doc. 8 at 1.) Upon review of the record, the submissions of parties, and the relevant law, the court is of the opinion that the Commissioner's decision is due to be affirmed.

In reviewing claims brought under the Social Security Act, the court's role is narrow, limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were applied. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005); *Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983). The credibility of witnesses and the

resolution of conflicting statements and testimony are determined by the Commissioner as the trier of facts. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1242 (11th Cir.1983). Although "[t]his limited review precludes deciding the facts anew, making credibility determinations, or re-weighing the evidence," *see Moore*, 405 F.3d at 1211, the limited review does not render affirmance of the Commissioner's decision automatic. "'[D]espite [this] deferential standard for the review of claims . . . [the] Court must scrutinize [the] record in its entirety to determine reasonableness of the decision reached.'" *Lamb*, 847 F.2d at 701 (citation omitted). However, even if the evidence preponderates against the Commissioner's decision, the court must affirm if the decision is supported by substantial evidence. *Bloodsworth*, 703 F.2d at 1239. "Substantial evidence is less than a preponderance, but rather such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Moore*, 405 F.3d at 1211 (citing *Crawford v. Commissioner of Social Security*, 363 F.3d 1155, 1158–59 (11th Cir. 2004)).

In this case, the ALJ found that plaintiff had "the 'severe' impairments of history of lumbar pain; history of cervical spondylolisthesis; history of fractured right femur; and history of fractured left humerus." (R.43.) Considering limitations caused by these impairments, the ALJ found that plaintiff had the "the residual functional capacity to perform sedentary work which allows a sit/stand option[;] occasional bending, stooping, climbing, and squatting[;] and occasional pushing and pulling with his right arm and right leg." (*Id*.) He also found that plaintiff's ability to work was limited by pain; he stated, "The

preponderance of credible evidence establishes that as a result of pain, the claimant is reasonably expected to experience no greater than mild-to-moderate functional limitations upon his ability to perform basic work activities." (R.42.) Considering plaintiff's RFC, as well as his age, education, and past work experience, the ALJ found plaintiff was capable of performing a significant number of jobs, including polisher, inspector, and document preparer. (R. 43.) Therefore, the ALJ found that plaintiff was not disabled.[1] (R.44.)

Plaintiff contends that the decision of the Commissioner is due to be reversed because the ALJ improperly dismissed the opinions of his treating physicians as to his RFC. Dr. Steven J. Dick and Dr. Braxton Smith submitted RFC forms. Dr. Dick found that plaintiff's pain was "intractable and virtually incapacitating." (R.426.) Dr. Smith found that plaintiff's pain was "distracting to adequate performance of daily activities." (R.457.) Both doctors found that physical activity [g]reatly increased [plaintiff's] pain." (R.426, 457.)

The ALJ rejected these opinions; he said:

It must be pointed out that Dr. Dick's evaluation form is inconsistent with his overall treating record of the claimant. Additionally, I find that Dr. Smith's opinions are not supported by the claimant's overall medical record and are generally suspect due to the period of time in which Dr. Smith had not seen or treated claimant prior to completing the evaluation. Therefore, those evaluations, to the extent they are inconsistent with the claimant's overall medical record, are not entitled to more than minimal weight.

(R.42.)

---

[1]Although not discussed by the ALJ, there is some evidence in the record that plaintiff continued to work after his alleged onset date. (*See* R.411, 431, 432, 438.)

In this Circuit, "[t]he testimony of a treating physician must ordinarily be given substantial or considerable weight unless good cause is shown to the contrary." *McGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986); *accord Elam v. Railroad Retirement Bd.*, 921 F.2d 1210, 1216 (11th Cir. 1991). "'[G]ood cause' exists when the . . . treating physician's opinion was . . . inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004)(citing *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)). Also, the ALJ may diminish the weight given the opinion of a treating physician based on the "[l]ength of the treatment relationship and the frequency of examination. Generally, the longer a treating source has treated [the claimant] and the more times [the claimant has] been seen by a treating source, the more weight [the Commissioner] will give to the source's medical opinion." 20 C.F. R. § 404.1527(d)(2)(i); *see also Casey v. Astrue*, 503 F.3d 687, 692-93 (8th Cir. 2007). In addition, the Commissioner "must specify what weight is given to a treating physician's opinion and any reason for giving it no weight . . . ." *McGregor*, 786 F.2d at 1053. If the Commissioner rejects the treating physician's opinion, his reasons for refusing to credit a claimant's treating physician must be supported by substantial evidence. *See id*. at 1054.

The record contains evidence from plaintiff's treatment records that Dr. Dick noted his pain was well controlled with medication. (R.429, 431-32, 435, 441, 454.) The record contains evidence that Dr. Smith had not treated plaintiff for years prior to seeing him once two weeks before completing the RFC form. Therefore, the court finds substantial record

4

evidence supports the ALJ's reasons for rejecting the RFC forms completed by Dr. Dick and Dr. Smith to the extent such forms were inconsistent with his determination that plaintiff could perform a limited range of sedentary work and that he had no more than mild-moderate limitations due to pain.

## **CONCLUSION**

Based upon the foregoing analysis, the court finds that the ALJ applied the proper legal standards and his decision is supported by substantial evidence. Therefore, this case is due to be affirmed. An Order in accordance with the Memorandum Opinion will be entered contemporaneously herewith.

**DONE**, this the 21st day of March, 2008.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE